UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10177-GAO

MICHAEL P. BONAGWA,
Plaintiff,

v.

CHAD WOLF, Acting Secretary of the Department of Homeland Security, KENNETH T. CUCCINELLI, Acting Director of the U.S. Citizenship & Immigration Service, MICHAEL MCCLEARY, Director of the U.S. Citizenship & Immigration Services for the Boston Field Office;
Defendants.

OPINION AND ORDER
December 31, 2019

O'TOOLE, S.D.J.

The plaintiff, Michael Bonagwa, alleges that USCIS has failed to make a timely determination on his application for naturalization and has brought suit pursuant to 8 U.S.C. § 1447(b) to have his pending application for naturalization considered and granted by this Court instead of by the agency.

Section 1447(b) permits an applicant for naturalization to request a hearing in the district court if USCIS fails to make a determination on the application within 120 days of the date that the examination was conducted. 8 U.S.C. § 1447(b). Upon complaint by an applicant, a district court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." Id. Defendants have moved to remand the matter to USCIS. The plaintiff opposes the motion to remand.

Defendants ask that the matter be remanded to USCIS with instructions to issue a decision on the plaintiff's naturalization application within sixty days of the court's remand order.

Defendants argue that a remand with instructions will be judicially efficient because USCIS has the appropriate resources, expertise, and experience to make an initial determination on naturalization applications. See I.N.S. v. Orlando Ventura, 537 U.S. 12, 16 (2002) ("Generally speaking, a court [] should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

The plaintiff opposes the motion, arguing that Congress had cases like his in mind when it enacted § 1447(b). That may be true, but Congress included in § 1447(b) two possible courses of action for a district court to take in such matters—determining the matter or remanding the matter.

Here, I agree with the defendants that the matter should be remanded. If the plaintiff's application for naturalization is denied, the plaintiff will be able to pursue an administrative appeal before an immigration officer. 8 U.S.C. § 1447(a). Upon a further denial, a review by a district court is available, during which "the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." 8 U.S.C. § 1421(c).

Accordingly, the defendant's Motion to Remand to Agency (dkt. no. 9) is GRANTED. The matter is remanded to USCIS to decide the plaintiff's application within sixty days of this Order. The following timeline was suggested by the defendants and is adopted. USCIS shall request any additional information from the plaintiff within 15 days of this order. USCIS shall then afford plaintiff 30 days to respond. USCIS shall render a decision on plaintiff's naturalization application within 15 days of plaintiff's response. If USCIS does not adjudicate the matter within sixty days, the plaintiff may move to reopen this case.

It is SO ORDERED.

                                              /s/ George A. O'Toole, Jr.
                                              Senior United States District Judge